UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:94-CR-117 |
| | ) | (VARLAN/SHIRLEY) |
| FREDERICK O. BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) [Doc. 93], in which the defendant requests that the Court terminate his supervised release term early, pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a). The Government has responded in opposition to the defendant's request for a reduction of sentence [Doc. 94], and defendant has filed a reply. [Doc. 96.] Defendant has also filed a *pro se* Motion for Appointment of Counsel. [Doc. 95.] Defendant's motions are now ripe for determination.

**I.    Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range

> determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

## II. Analysis

In the present case, the defendant requests that the remaining year of his three-year supervised release term be terminated in Case Number: 3:94-cr-117. In his motion for early termination of supervised release, the defendant states that he served "over twelve years in prison" for the 1994 offense and was released in 2005. [Doc. 93 at 1.] The Court notes that defendant is currently charged with offenses in connection with Case Number 3:07-cr-61, and a revocation of supervised release petition is pending in Case Number 3:94-cr-117. Nevertheless, the defendant is not currently serving the original term of imprisonment for Case Number: 3:94-cr-117, and his motion does not request a reduction of the term of imprisonment in Case Number 3:94-cr-117.

Upon review of the relevant authority, the Court finds that 18 U.S.C. § 3582(c)(2) is inapplicable to the relief requested in the defendant's motion. [Doc. 93.] The statute has no provision regarding early termination of supervised release and only provides for a reduction

of "the term of imprisonment." 18 U.S.C. § 3582(c)(2). Furthermore, the relevant Guidelines policy statement provides:

> In a case in which a defendant is *serving a term of imprisonment*, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. §1B1.10(a)(1) (emphasis added). In light of the statute's sole applicability to reducing terms of imprisonment for defendants currently serving a term of imprisonment, the defendant's request for early termination of supervised release is simply not within the scope of 18 U.S.C. § 3582(c)(2).

To the extent the defendant's request is related to the pending revocation petition, the Court notes that 18 U.S.C. § 3582(c)(2) would be equally inapplicable to a term of imprisonment imposed upon revocation of supervised release. The Guidelines state that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. §1B1.10 cmt. n. 4(A).

Furthermore, the defendant cannot solely rely on 18 U.S.C. § 3553(a) for his request because the statute makes no provision for the relief the defendant seeks in his motion for early termination of supervised release. Additionally, the Court finds that "the factors set

4

forth in section 3553(a)" are equally inapplicable to the present case to the extent the defendant bases his request on the reference to such factors in 18 U.S.C. § 3582(c)(2).[1]

Because the Court will deny the defendant's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) for the reasons discussed above, defendant's *pro se* Motion for Appointment of Counsel [Doc. 95] will be denied as moot.

## III. Conclusion

Accordingly, the defendant's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) [Doc. 93] and Motion for Appointment of Counsel [Doc. 95] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Title 18 U.S.C. § 3582(c)(2) provides that "the court may reduce the terms of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."